NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 04-430 (FSH) |
| v. | **Opinion and Order** |
| RAJEEV SIDHANA, | Date: September 26, 2013 |
| Defendant. | |

**HOCHBERG, District Judge:**

Rajeev Sidhana filed a petition for a writ of error *coram nobis* seeking resentencing to avoid the collateral immigration consequences of his 2004 conviction. He asserts that his sentence should be modified based on the Court's inherent authority to correct an injustice, or alternatively, ineffective assistance of counsel. After Petitioner, a resident alien, pled guilty to conspiracy to commit bank robbery, this Court sentenced him to a 13-month term, a sentence that classifies him as an aggravated felon subject to mandatory deportation. He claims that, had his attorney correctly advised him that he could avoid mandatory deportation with a sentence of less than one year, he would have argued for a more favorable sentence. Pursuant to Rule 78.1 of the Local Rules, the Court decides this motion without oral argument.

# I. BACKGROUND

Born in India in 1981, Sidhana immigrated and became a lawful U.S. resident in 1994. In January 2004 he was the "inside guy" who helped his co-conspirators steal $202,000 from the Bank of New York in Oakland, New Jersey, where he worked as a teller.

On June 9, 2004, he pled guilty to a one-count information charging him with conspiracy to commit bank robbery pursuant to 18 U.S.C. § 371 and 18 U.S.C. § 2113. During the plea colloquy, Judge Shwartz asked Sidhana's attorney whether he had discussed the immigration consequences of this plea. The attorney stated that he had "discussed the immigration consequences at great length" with Sidhana and that deportation was an "almost certainty." (Pet. for a Writ of Error Coram Nobis, Exh. B 17:13-15, ECF No. 37-2). Similarly, at his sentencing hearing on October 14, 2004, this Court questioned Sidhana's attorney regarding deportation.

Although Sidhana's base offense level was 20 under the Sentencing Guidelines, the Court granted a decrease for acceptance of responsibility and a downward departure based on the Government's 5K1.1 motion, resulting in a very substantial decrease from a guidelines range of 37-46 months, and sentenced him to 13 months incarceration and 3 years supervised release. He served his sentence and completed supervised release. Removal proceedings have not yet begun.

A resident alien convicted of an aggravated felony is subject to mandatory deportation, which cannot be cancelled. 8 U.S.C. § 1229b(a)(3). An aggravated felony includes any "crime of violence ... for which the term of imprisonment at [sic] least one year." 8 U.S.C. § 1101(a)(43)(F). Petitioner concedes his conviction was for a "crime of violence." (Pet'r's Mem. in Supp. of Pet. for Writ of Error Coram Nobis 4, ECF No. 37-5). Based on his sentence of 13 months for a crime of violence, Petitioner's conviction is for an aggravated felony and he is

subject to mandatory deportation. If, however, Sidhana had received an even greater departure and been sentenced to less than a year, he would have avoided mandatory deportation.

Petitioner claims that he solicited legal advice in October 2012 about traveling outside the country. While meeting with this attorney, he discovered that he could have avoided mandatory deportation if he had received a lower sentence. He brings this *coram nobis* petition to modify his sentence based on ineffective assistance of counsel or the Court's inherent authority. Petitioner is not trying to withdraw his guilty plea based on ineffective assistance of counsel, because he had the benefit of an extremely lenient downward departure motion; he lacks any grounds to withdraw his plea because he pled fully aware, as his attorney informed him that he faced a near certainty of deportation; and he has fully served his sentence. Rather, he seeks to be resentenced retroactively, after fully completing his sentence, to avoid the collateral immigration consequences that his lawyer told him about prior to the date when he entered his plea. His claim is that his attorney ineffectively represented him at sentencing, by not arguing for a sentence of less than a year for committing a bank robbery.

## II. WRIT OF ERROR *CORAM NOBIS*

A writ of error *coram nobis* is a remedy available under the All Writs Act, 28 U.S.C. § 1651(a), and can be invoked to vacate a federal conviction after the sentence has been served. *United States v. Stoneman,* 870 F.2d 102, 105-06 (3d Cir. 1989). It is an "extraordinary remedy, and a court's jurisdiction to grant relief is of limited scope." *Id.* at 106. This extraordinary relief is warranted "only under circumstances compelling such action to achieve justice." *United States v. Morgan,* 346 U.S. 502, 511 (1954). This includes errors "of the most fundamental

character; that is, such as rendered the proceeding itself irregular and invalid." *Id.* at 509 n.15. The burden is on the petitioner to prove that the earlier proceeding, which is presumed valid, contains an error of fundamental magnitude. *Stoneman*, 870 F.2d at 106; *United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988). The writ extends to both trial and sentencing proceedings and includes the authority to modify a *coram nobis* petitioner's sentence. *See United States v. Golden*, 854 F.2d 31, 32 (3d Cir. 1988).

To be eligible for relief, petitioner must meet several threshold conditions: "(1) he is suffering from continuing consequences of the allegedly invalid conviction; (2) there was no remedy available at the time of trial; and that (3) sound reasons exist for failing to seek relief earlier." *United States v. Babalola,* 248 F. App'x 409, 412 (3rd Cir. 2007) (internal citations omitted). The threat of deportation is a "continuing adverse consequence[.]" *Gudiel-Soto v. United States,* 761 F. Supp. 2d 234, 238 (D.N.J. 2011) (citing *Padilla v. Kentucky,* 130 S. Ct. 1473, 1481 (2010)). No remedy was available during the proceeding because a party cannot raise an ineffective assistance claim at trial. *See United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998). Thus, if Petitioner's claim that his attorney gave him incorrect immigration advice were true, then it is reasonable that he did not seek relief until he discovered this alleged error while consulting with another attorney in 2012. *See United States v. Cariola*, 323 F.2d 180, 183 (3d Cir. 1963). Factually, however, it is clear that he was advised by his counsel that deportation was virtually certain, as the plea colloquy attests. His actual claim of error is that he did not know that (1) if his attorney had tried to convince this Court to grant an even greater departure than the large departure actually granted, and (2) if his attorney had succeeded in

4

getting such a huge departure in a bank robbery crime that the sentence fell below 1 year, then he would avoid mandatory deportation.[1]

### III. INEFFECTIVE ASSISTANCE CLAIM

Ineffective assistance of counsel "constitutes a fundamental defect sufficient to subject such a tainted conviction to collateral attack via a writ of *coram nobis*." *Babalola*, 248 F. App'x at 412 (citing *United States v. Rad-O-Lite of Phila., Inc.*, 612 F.2d 740, 744 (3d Cir. 1979)). To succeed on such a claim, Petitioner must show: (1) that counsel's representation "fell below an objective standard of reasonableness" and (2) that counsel's deficiencies resulted in prejudice. *United States v. Orocio*, 645 F.3d 630, 636 (3d Cir. 2011) (internal citations omitted) (*abrogated by Chaidez v. United States,* 133 S. Ct. 1103 (2013)). In the context of plea bargaining, prejudice may be shown where there is "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012). Petitioner must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Orocio*, 645 F.3d at 643 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

Here, Petitioner cannot show prejudice in connection with his plea, and he does not ask for a withdrawal of his plea, which would subject him to bank robbery charges anew. Before his plea agreement and plea colloquy, Sidhana was told that his deportation was an "almost certainty." If his allegations are true, when he pled guilty, he believed he would be deported. Thus, when faced with the option of going to trial, including the possibility of avoiding

---

[1] He would still have faced discretionary deportation.

deportation by acquittal, he chose to take the plea deal and be subject to mandatory deportation. He does not claim that, had he known he could avoid mandatory deportation with a sentence of less than a year, he would have gone to trial. Instead, he claims that he would have renegotiated with the Government for a more favorable deal or argued to the Court for a sentence of under one year.

First, nothing suggests that he could have gotten a better plea deal. This was, after all, a bank robbery, with the potential for violence and injury to innocent employees, customers, and law enforcement personnel, which is present whenever alarms bring a police response, even to an inside job.

Second, Sidhana's attorney was not remotely ineffective in negotiating the plea deal he got. Indeed, he got an amazing deal for his client in light of the severity of the crime. More importantly, sentencing is up to the discretion of the Court, both in deciding how large a downward departure to grant and in meting out the sentence to be served.

Petitioner's attorney argued for a very substantial departure and he was effective in getting it. An argument for a sentence below one year would not have produced a different result from this Court at sentencing, regardless of whether the argument was specifically made or not. Petitioner was faced with a charge of conspiracy to commit bank robbery, which carried a 37-46 month sentence range as a level 21 offense under the Sentencing Guidelines. As this Court noted at the sentencing proceeding, Sidhana's attorney negotiated an "extremely generous" deal from the U.S. Attorney's Office with a downward departure to level 12, where the recommended sentence was 10-16 months. The 13 month sentence Sidhana's received reflected exceptionally lenient treatment, with the Court granting the 5K1.1 motion and agreeing to defense counsel's

request to permit Sidhana to finish college before being incarcerated. This Court would not have reduced his sentence further, as it was already exceptionally low for the crime of conviction.

To establish prejudice, it is necessary to show a reasonable probability that the trial court would have accepted a lower recommendation from the Government. *Frye*, 132 S. Ct. at 1409. Here, even if counsel had made additional arguments for a reduction in the sentence based on the immigration consequences of the conviction, the result would not have been any more favorable. Given the absence of prejudice, it is unnecessary to decide whether counsel's performance fell beneath the objectively reasonable standard. *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002).

### IV. INHERENT AUTHORITY

Relying on two cases from the Southern District of New York, Petitioner asserts that this Court has inherent authority to grant relief from the immigration consequences of a criminal sentence. Alternatively, he suggests that the Court can modify the sentence *nunc pro tunc*. In the two cases Petitioner cites, *Urbina v. United States*, 992 F. Supp. 641, 643 (S.D.N.Y. 1998), and *United States v. Ko*, 93-cr-521, 1999 WL 1216730 (S.D.N.Y. Dec. 20, 1999), district judges used the writ of error *coram nobis* to change the petitioners' sentences to avoid mandatory deportation and reach a more lenient result. While this Court has that authority, based upon the seriousness of the crime of bank robbery and the fact that the Defendant abused his position as an employee of the bank to set it up to be robbed by him and his friends, this Court declines to exercise its discretion to grant a greater reduction in Petitioner's sentence than it did at the original hearing.

## V. CONCLUSION AND ORDER

For the reasons stated above, Petitioner's motion for a writ of error *coram nobis* is denied.

**IT IS THEREFORE** on this 26th day of September, 2013,

**ORDERED** that Petitioner's motion for a writ of error *coram nobis* is DENIED.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.